FILED

NOT FOR PUBLICATION

JAN 05 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BOCK; LORIE BOCK, | No. 10-17297 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-00722-RS |
| v. | |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted December 9, 2011
San Francisco, California

Before: O'SCANNLAIN, COWEN,** and BERZON, Circuit Judges.

The Bocks appeal from the district court's grant of judgment on the

pleadings in favor of Travelers. They argue that Travelers had a duty to defend

them under their homeowners' policy against a cross-complaint filed by their

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert E. Cowen, Senior Circuit Judge for the Third
Circuit, sitting by designation.

neighbors, the Brakesmans.  Separately, the Bocks argue that Travelers was under a duty to investigate the facts underlying the cross-complaint.  Each contention will be discussed in turn.

I

Under California law, an insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy."  *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966).  However, "[a]n insured is not entitled to a defense just because one can imagine some additional facts which would create the potential for coverage."  *Friedman Prof'l Mgmt. Co. v. Norcal Mut. Ins. Co.*, 120 Cal. Rptr. 3d 359, 372 (Ct. App. 2004).  "[T]he insured may not speculate about unpled third party claims to manufacture coverage."  *Hurley Constr. Co. v. State Farm Fire & Cas. Co.*, 12 Cal. Rptr. 2d 629, 631 (Ct. App. 1992).

We have examined the cross-complaint filed by the Brakesmans and conclude that it only states a cause of action for encroachment, an intentional tort not covered by the Bocks' insurance policy.  Only through speculation — unpermitted by California law — could we conclude that the Brakesmans' cross-complaint also alleged unintentional conduct, which would trigger the duty to defend.  Accordingly, we conclude that Travelers was under no duty to defend the Bocks against the Brakesmans' cross-complaint.

2

## II

Separately, the Bocks argue that Travelers was under a duty to investigate the facts underlying the Brakesmans' cross-complaint. Under California law, an insurer satisfies its duty to investigate "by comparing the allegations of the complaint with the terms of the policy," *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993), and by considering "the extrinsic facts . . . *known by the insurer* at the *inception* of the third party lawsuit," *Gunderson v. Fire Ins. Exch.*, 44 Cal. Rptr. 2d 272, 277 (Ct. App. 1995).

In this case, it is uncontested that Travelers was not aware of any extrinsic facts at the time the cross-complaint was tendered that would have triggered a duty further to investigate. Indeed, Travelers specifically told the Bocks that if they were "aware of any other facts or theories which . . . are relevant to the duty to defend . . . , we welcome your thoughts and will give serious consideration to any information that you may provide." It is uncontested that the Bocks tendered no further information to Travelers. Accordingly, Travelers was under no duty to investigate the facts underlying the Brakesmans' cross-complaint.

**AFFIRMED.**

3

*Bock v. Travelers Prop. Cas. Ins. Co.*, No. 10-17297

BERZON, Circuit Judge, dissenting in part:

I join in Part II of the majority disposition but dissent as to Part I. The majority's conclusion that the cross-complaint only states an intentional tort and so did not give rise to the duty-to-defend is inconsistent with the language of the cross-complaint and with California duty-to-defend law.

Both the claim for trespass and the prayer for relief refer to property "damage" and seek monetary relief for the injury, including for "repairs." Nothing in the complaint confines the claim to the injury caused by the intentional act of building on the Brakesmans' property, as opposed to injury due to the negligent design or construction that caused an injury to the Brakesmans' property separate from the encroachment itself. And the references to "damaged" property and to "repairs" suggests some such additional injury, as one does not usually refer to the encroaching structure as "property [that was] damaged" and in need of "substantial repairs."

With that degree of ambiguity, the allegations "sufficed to raise the possibility that [the Bocks] would be liable for property damage covered by the policies." *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 304 (Cal. 1993). The complaint does not "compel the conclusion" that it is based solely on the intentional encroachment, *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th

1076, 1084 (Cal. 1993), and, as noted, there is language consistent with the conclusion that it is not.

I would therefore reverse the judgment on the pleadings, and so respectfully dissent.